UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA DIANE MEEKS,                    Case No.:   8:09-CV-1050-T-27TBM

      Plaintiff,

v.

MURPHY AUTO GROUP, INC.
d/b/a TOYOTA OF WINTER HAVEN,

      Defendants.

_____/

**AMENDED COMPLAINT**
**(Injunctive Relief Sought)**

      PLAINTIFF, PATRICIA DIANE MEEKS, sues defendant, MURPHY AUTO GROUP,

INC. d/b/a TOYOTA OF WINTER HAVEN, and alleges:

**COUNT I - FCRA**

      1.    This is an action for compensatory, statutory, and punitive damages, for

declaratory and injunctive relief, attorney's fees and costs brought pursuant to the Fair Credit

Reporting Act, 15 U.S.C. §§1681, et seq., 1681b, 1681n, 1681o (FCRA).

      2.    At all times material hereto plaintiff was a consumer and defendant was a

creditor, each as defined in 15 U.S.C. §1602(f), 12 C.F.R. §226.2(17), §226.2(11), 15 U.S.C.

§1681a, 15 U.S.C. §1691a(e), and 12 C.F.R. §202.2(l), and the parties' transaction was a

consumer transaction as defined in 15 U.S.C. §1602(h).

      3.    The court has jurisdiction of this case pursuant to the FCRA, 15 U.S.C. §1681p

and 28 U.S.C. §1331, and venue is proper pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1391(b), (c).

4.     On or about May 15, 2007, plaintiff purchased a new 2007 Toyota Solara from defendant who extended the financing on the new Solara by way of a retail installment sale contract (RISC), a copy of which is attached hereto.

5.     The RISC is clear and unambiguous.   It is fully integrated and complete expression of the parties' rights and obligations.  Material provisions in pertinent part follow:

> Seller-Creditor  (Name and Address)
> Toyota of Winter Haven
> 4099 Lake Alfred Rd
> Winter Haven FL 33881
>
> You, the Buyer (and Co-Buyer, if any) may buy the vehicle below for cash or on credit.  By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge according to the payment schedule below.  We will figure your finance charge on a daily basis at the Base Rate of 16.99% per year.   The Truth in Lending Disclosures below are part of this contract.
>
>
> Federal Truth-in-Lending Disclosures:
>
> APR: <u>16.99%</u>
> Amount Financed: <u>$18,708.93</u>
> Finance Charge: <u>$11,251.71</u>
> Total of Payments: <u>$29,960.64</u>
> Total Sale Price: <u>$34,960.64</u>
>
> Your Payment Schedule Will Be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 416.12 | Monthly beginning 06/15/2007 |

**NO COOLING OFF PERIOD**

State law does not provide for a "cooling off" or cancellation period for this sale.  After you sign this contract, you may only cancel it if the seller agrees or for legal cause.  You cannot cancel this contract simply because you change your mind.

HOW THIS CONTRACT CAN BE CHANGED: This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it.  No oral changes are binding.

NOTICE TO THE BUYER: (a) Do not sign this contract before you read it or if it contains any blank spaces. (b) You are entitled to an exact copy of the contract you sign.  Keep it to protect your legal rights.

[On the reverse side of the RISC.]

    2.    YOUR OTHER PROMISES TO US
      . . .
    c.    Security Interest.
      You give us a security interest in:
      • The vehicle and all parts or goods put on it;
      . . .
This secures payment on all you owe on this contract, it also secures your other agreements in this contract.

    6.    Defendant did not assign the RISC and later intentionally ignored its terms as defendant claims it revoked the RISC and replevied the Toyota Solara from the plaintiff, falsely swearing under oath that it was not the creditor in the plaintiff's purchase-finance transaction; defendant instead falsely swore that it remained at all times the owner of the Toyota Solara and that no ownership interest was ever transferred to the plaintiff.  (See Expert Ford's affidavit

- 3 -

attached hereto.)

7.      The Truth in Lending Act (TILA) provides, in pertinent part, as follows:

a.      It is the purpose of [TILA] to assure a ***MEANINGFUL*** disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit.  15 U.S.C. §1601(a). (Emphasis added.)

b.      Toyota is the one and only creditor in Meeks' credit sale.  15 U.S.C. §1602(f), §1602(g), 12 C.F.R. §226.2, (16), (17).

c.      Meeks' retail installment contract was legally consummated at the time she signed a RISC presented to her by Toyota and Toyota delivered to her the purchased motor vehicle, 15 U.S.C. §1638(b)(1), 12 C.F.R. §226.2(13), 12 C.F.R. §226.17(b).

8.      Upon information and belief, sometime prior to May 15, 2007, the defendant entered into a written subscriber agreement with First Advantage Credco (Reynolds & Reynolds) in which defendant certified that its access to consumer reports was as a creditor for the purpose of extending credit to its customers, including plaintiff, who applied to defendant for credit.  That certification is as follows:

You (subscriber-dealer) certify that you will only order information services that are consumer reports ("Basic Reports") credit risk scores ("Scores") and other enhancements to the Basic Reports only while operating as a motor vehicle dealership and only on written authorization from your customer in connection with your proposed extension of credit to that customer.

9.      On or about June 29, 2007, and again on August 17, 2007, defendant requested and obtained plaintiff's consumer report from Credco.  (A copy of plaintiff's inquiry section from Equifax is attached.)

10.     Defendant did not have a permissible purpose for obtaining plaintiff's consumer report because the defendant had entered into the attached RISC with plaintiff in May 2007, i.e.,

- 4 -

had ostensibly extended credit to plaintiff.  If follow that defendant's accessing plaintiff's consumer report in June and in August were not for the purpose of extending credit to plaintiff. See Expert Ford's affidavit attached hereto.

11.    Defendant's failure to comply with the FCRA was negligent as contemplated by 15 U.S.C. §1681o and, as a result, plaintiff has sustained actual damages, plus costs and attorney's fees.

12.    In the alternative, defendant's failure to comply with the FCRA was willful and defendant is liable for actual damages sustained plus statutory damages of at least $100 and not more than $1,000, plus an amount of punitive damages as the court may allow, plus costs and attorney's fees.  15 U.S.C. §1681n.

13.    Plaintiff has retained the services of the undersigned attorney who is entitled to a reasonable fee upon prevailing.

WHEREFORE plaintiff requests the following relief:

a.    Enter judgment against the defendant in an amount equal to any actual damages sustained;

b.    Judgment finding willful violation in an amount equal to any actual damages sustained, or damages of not less than $100 and not more than $1,000, plus punitive damages.

c.    Declaratory and injunctive relief enjoining defendant from further accessing of consumer reports without a permissible purpose pursuant to the FCRA.

d.    Award plaintiff's reasonable costs and attorney's fees.

## COUNT II - ECOA

14.     This is an action for actual damages, punitive damages, declaratory and injunctive relief, costs and attorney's fees, brought pursuant to 15 U.S.C. §§1691, et seq., 1691(d), 1691e, Regulation B, 12 C.F.R. §§202.1, et seq. (ECOA).

15.     Plaintiff adopts and realleges paragraphs 2, 3 including §1691e(f), 8, and 9 and incorporates them herein by reference.

16.     At all times material hereto defendant was a creditor as defined in 15 U.S.C. §1691a(e) and 12 C.F.R. §202.2(l) who, pursuant to the Truth in Lending Act (15 U.S.C. §1602(f)) was obligated to issue or deny consumer credit to an applicant as defined in 15 U.S.C. §1691a(b) and 12 C.F.R. §202.2(e).

17.     Although the defendant accessed the plaintiff's consumer report on August 17, 2007, presumably based upon plaintiff's credit application to defendant dated May 15, 2007, the defendant thereafter revoked its extension of credit and otherwise refused to extend credit to the plaintiff, which refusal is an adverse action as defined in 12 C.F.R. §202.2(c), but failed to issue an adverse action notice, though written notice of advise action is required by 15 U.S.C. §1691(d), Reg. B at 202.9.

18.     Defendant's accessing plaintiff's consumer report on August 17, 2007, was done pursuant to defendant's certification to Credco as set forth in paragraph 8 above, i.e., defendant accessed plaintiff's consumer report "in connection with (defendant's) proposed extension of credit to that customer (plaintiff)," yet did not extend credit and did not issue an adverse action notice.

19.     As a result of defendant's violation of the ECOA, plaintiff is entitled to actual damages sustained, punitive damages in an amount no greater than $10,000, declaratory and injunctive relief, and costs and attorney's fees.  15 U.S.C. §1693(a-d).

WHEREFORE plaintiff demands the following:

  a.  Actual damages sustained;

  b.  Punitive damages;

  c.  An order declaring defendant's acts and omissions to be violations of the ECOA and Regulation B;

  d.  An order enjoining the defendant from any further violations of the ECOA and Reg. B;

  e.  Award plaintiff her costs and reasonable attorney's fees against defendant.

## CERTIFICATE OF SERVICE

**I hereby certify** that on September 14, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      s/ Raymond G. Ingalsbe
      Raymond G. Ingalsbe
      Fla. Bar No.: 219241
      Attorney for Plaintiff
      RAYMOND G. INGALSBE, P.A.
      4400 PGA Boulevard, Suite 800
      Palm Beach Gardens, FL 33410
      Telephone: (561) 775-3505
      Facsimile: (561) 624-3533
      E-mail: RGIngalsbe@aol.com

**SERVICE LIST**
Case No.:    8:09-CV-1050-T-27TBM

Nicholas F. Mooney, Esquire
Fla. Bar No.: 508217
Attorney for Defendant Murphy Auto
Bromagen & Rathet, P.A.
201 East Kennedy Blvd., Suite 500
Tampa, FL 33602
Telephone: 813-261-3870
Fax: 813-261-3874
E-Mail:  nick@bromagenlaw.com