UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PATRICIA DIANE MEEKS,**

    **Plaintiff,**

v.                                      Case No. 8:09-cv-1050-T-TBM

**MURPHY AUTO GROUP, INC.
d/b/a TOYOTA OF WINTER HAVEN,**

    **Defendant.**
_____/

## **O R D E R**

THIS MATTER is before the court on Defendant **Murphy Auto Group, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint and Memorandum of Law in Support** (Doc. 21), Plaintiff's Response in Opposition to Motion to Dismiss (Doc. 22),[1] **Murphy Auto Group's Motion to Strike re: Affidavit of Edward Ford** (Doc. 18), and Plaintiff's response to Defendant's Motion to Strike (Doc. 20). A hearing on these matters was conducted October 22, 2009.

A.

By its Motion to Strike, Defendant seeks an Order pursuant to Fed. R. Civ. P. 12(f) striking the affidavit of Edward Ford (Doc. 15-3) which is attached as an exhibit to Plaintiff's Amended Complaint, on the basis that the affidavit is redundant, immaterial, and impertinent

---

[1]Defendant previously filed a motion to dismiss (Doc. 9) Plaintiff's initial complaint which is **denied as moot** in light of the subsequent pleadings filed by the parties.

to the allegations of the lawsuit, and moreover is based on pure speculation without sufficient factual basis. In response, Plaintiff urges that the affiant's employment and training qualifies him to render the opinions given, and further, Defendant's motion to strike seeks to circumvent the processes of challenging an expert's opinions which have been articulated by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999). In essence, Plaintiff here pleads untested expert testimony she believes explains what transpired in her case. The inclusion of such expert opinions as part of the Plaintiff's Amended Complaint is contradictory to the pleading requirements set forth in Fed. R. Civ. P. 8 which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). By my consideration, while the affidavit may well contain relevant and admissible expert opinions, it is unnecessary and inappropriate for the court's consideration at this stage of the proceeding.[2]  *See, e.g., Highland Capital Mgmt., LP v. Schneider*, No. 2 Civ. 8098(PKL), 2004 WL 2029406, at *4 (S.D. N.Y. Sept. 9, 2004) (finding allegations summarizing expert report and report attached to complaint contravened proper pleading procedure as governed by Rule 8).

---

[2]While Plaintiff argues that the affidavit should not be stricken because *Daubert, supra,* establishes the procedures by which a court considers the admissibility of an expert's opinions, for the same reason, I find it is inappropriate to attach an expert report for the court's consideration without testing the sufficiency of same via the procedures set forth in *Daubert*.
2

Upon consideration, it is **ORDERED** that Defendant's motion to strike the affidavit of Edward Ford (Doc. 18) which is attached as an exhibit to Plaintiff's Amended Complaint is **granted**.[3] The Clerk is directed to electronically delete the image (Doc. 15-3).

B.

Plaintiff's Amended Complaint sets forth two causes of action. By her first count, she purports to allege a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1861, et seq. In Count II, she purports to allege a violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, et seq. Both counts arise from the circumstances surrounding Plaintiff's purchase of a Toyota automobile from Defendant on or about May 15, 2007. In support of its motion to dismiss, Defendant argues that this court should dismiss both counts because the Amended Complaint fails to state a claim for relief on either Count I or Count II. It urges that Plaintiff makes only conclusory allegations of statutory violations without specific facts to identify how either statute was violated. Defendant particularly complains that the Plaintiff has failed to allege facts to support that Defendant is a "creditor" within the meaning of 15 U.S.C. § 1602(f) or that Defendant took any "adverse action" against her in contemplation of the ECOA. Defendant also urges that the Amended Complaint is barred by the applicable two-year statute of limitations. *See* 15 U.S.C. §§ 1681p and 1691e(f). Additionally, Defendant urges that because there are pending state court civil and criminal proceedings which arise from these same events, the court should

---

[3]By this ruling, the court is not making any determination as to the qualifications of Mr. Ford or the ultimate admissibility of any of his opinions.

abstain from the exercise of federal jurisdiction.⁴ Finally, Defendant urges that the Amended Complaint describes what is known as a "spot delivery" of a vehicle, which is a practice involving sales documents which have repeatedly been upheld as valid in state and federal courts.

In response, Plaintiff urges that the Amended Complaint contains a short, plain statement showing that Plaintiff is entitled to relief on each count. She urges that the statute of limitations argument fails at least as to the credit report requests made by Defendant in June and August 2007, and her ECOA claim, which arises out of the same conduct or transaction, relates back to the filing of the original complaint. Plaintiff also complains that Defendant's motion raises matters that are outside the four corners of the complaint and not proper for consideration on this 12(b)(6) motion to dismiss.

For reasons addressed at the hearing, the statute of limitations argument is without merit and is appropriately denied.⁵ Insofar as Defendant's motion appears to raise matters that are outside the four corners of the Amended Complaint, in particular, the allegations at

---

⁴In support, Defendant cites *Lops v. Lops*, 140 F.3d 927 (11th Cir. 1998) and *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation,* 460 U.S. 1 (1983).

⁵At arguments, defense counsel conceded that since the suit was originally brought on June 5, 2009, (and there appears no good argument against relation-back), Plaintiff's claims in Count I based on the requests for Plaintiff's credit report on June 29, 2007 and August 17, 2007, are timely raised as are her claims in Count II which address Defendant's conduct on and after the August 17, 2007, credit report request. At arguments, Plaintiff's counsel conceded that the first request for the Plaintiff's credit report in May 2007 would have been outside the limitations period for purposes of her FCRA claim.

4

¶¶ 13-17 of its motion, I agree with Plaintiff that such are not proper for consideration on this 12(b)(6) motion to dismiss.  Thus, apart from the brief statement concerning abstention (*see* ¶ 15), the Defendant's argument citing state and federal law regarding the legitimacy of certain documents used in such transactions and spot deliveries in general, goes well beyond the matters pleaded and cannot be resolved on the instant motion.

On the matter of abstention, it appears from arguments that Defendant filed a replevin action in Polk County Circuit Court to which Plaintiff filed a counterclaim and class action complaint.  Additionally, Plaintiff is facing felony criminal charges arising out of this sales transaction.  In light of these pending proceedings in state court, Defendant urges that the court should abstain from asserting jurisdiction and dismiss the Amended Complaint.  In *Lops*, the case relied upon by Defendant, the court stated, "abstention from the exercise of federal jurisdiction is the exception, not the rule.  When parallel state court action exists, the Supreme Court has emphasized that '[t]he doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.'" *Lops*, 140 F.3d at 942 (quoting *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 813 (1976)).  Indeed, "as between state and federal courts, the rule is that 'the pendency of a state court action is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Colorado River,* 424 U.S. at 817 (quoting *McClellan v. Carland,* 217 U.S. 268, 282 (1910)).  When a parallel state court action is pending, the Supreme Court has recognized six factors that district courts should consider in determining whether to abstain and dismiss a federal action where there is a parallel state action: "(1)

5

whether one of the courts has assumed jurisdiction over any property in issue; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal or state law will be applied; and (6) the adequacy of each forum to protect the parties' rights." *Lops*, 140 F.3d at 943 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. at 15-16). Here, there has been no assumption of property by either the state or federal court. The state court action is pending in Polk County which is in the Middle District; thus there appears no plausible argument that the federal forum would be inconvenient. While the state court action was instituted prior to the instant matter, the parties represent that none of the issues have been fully adjudicated in the state action. Moreover, the causes of action contained in Plaintiff's Amended Complaint are both based on federal statute. Accordingly, as the court understands the circumstances of this case, I see no basis, at present, for this court to abstain from exercising its jurisdiction.

As for the adequacy of Plaintiff's pleadings to state a claim for relief, a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. In deciding such a motion, the court must accept the facts pleaded as true and construe them in a light favorable to the plaintiff. *United States v. Pemco Aeroplex, Inc.*, 166 F.3d 1311, 1313 (11th Cir. 1999); *Pub. Citizen, Inc. v. Miller*, 992 F.2d 1548 (11th Cir. 1993) (per curium). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint does not need detailed factual allegations to meet this standard, a plaintiff must provide the grounds of his entitlement to relief beyond labels, conclusions, and a formulaic

6

recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To survive a Rule 12(b)(6) motion, the factual allegations of a complaint must do more than state a speculative right to relief on an assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555 (citations omitted). In practice, this standard requires the complaint to "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoting, with emphasis in the original, *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984)). The test is not whether the complainants will ultimately prevail but whether they are entitled to offer evidence in support of the claims pleaded. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Count I of Plaintiff's Amended Complaint sues Defendant for alleged violations of the FCRA, 15 U.S.C. §§ 1681, et seq., 1681b, 1681n, and 1681o. In pertinent part, she alleges that at all times material, she was a consumer and Defendant was a creditor; that she purchased a new 2007 Toyota Solara from Defendant on or about May 15, 2007; that Defendant extended her financing on the new Solara by way of a retail installment sale contract ("RISC); that on or about June 29, 2007, and again on August 17, 2007, Defendant requested and obtained Plaintiff's consumer report from Credco; that at that time Defendant did not have a "permissible purpose" for obtaining her consumer report subsequent to extending her credit in May 2007 pursuant to the RISC; and that Defendant's failure to comply with the FCRA was negligent, as contemplated by 15 U.S.C. § 1681o, and caused Plaintiff damages. Citing 15 U.S.C. § 1681n, Plaintiff alternatively pleads that Defendant's

failure to comply with the FCRA was willful, entitling her to actual, as well as statutory damages, plus punitive damages. *See* (Doc. 15 at 1-5).

"The FCRA endeavors to 'ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy,' . . . by, among other things, compelling merchants to adopt procedures to safeguard consumers' credit information." *Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1306 (11th Cir. 2009) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007)). The Act provides civil liability for both willful and negligent violations. *See* 15 U.S.C. § 1681n-o. In order to state a claim under the FCRA for the improper acquisition or use of a consumer's credit report, a plaintiff must plead: "(i) that there was a "consumer report" within the meaning of the statute; (ii) that the defendant used or obtained it; and (iii) that the defendant did so without a permissible statutory purpose." *McFarland v. Bob Saks Toyota, Inc.*, 466 F. Supp. 2d 855, 867 (E.D. Mich. 2006) (citing *Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir. 2002)). In viewing the allegations of the Amended Complaint in a light most favorable to Plaintiff, she has adequately plead a cause of action for negligent or intentional violations of the FCRA, and thus Defendant's motion to dismiss as to Count I is appropriately **denied**.

In Count II of the Amended Complaint, Plaintiff sues Defendant for alleged violations of the ECOA, specifically citing 15 U.S.C. §§ 1691(d), 1691e, Regulation B, 12 C.F.R. §§ 202.1, et seq. Plaintiff alleges that she is a consumer and Defendant is a creditor; that Defendant accessed her consumer report on August 17, 2007, presumably based upon her credit application dated May 15, 2007; that the Defendant thereafter revoked its extension of credit or otherwise refused to extend her credit, which is an "adverse action" as defined in 12

C.F.R. § 202.2(c); that Defendant failed to issue an adverse action notice required by 15 U.S.C. § 1691(d);[6] and that as a result of this violation of the ECOA, she is entitled to actual damages, punitive damages, and declaratory and injunctive relief. *See* (Doc. 15 at 6-7).

"The ECOA is an anti-discrimination statute which prohibits creditors from discrimination in the extension of credit. . . . It was enacted to protect consumers from discrimination by financial institutions."[7] *Nicholson v. Johanns*, No. 06-0635-WS-B, 2007 WL 3407045, at *3 (S.D. Ala. Nov. 13, 2007) (citations omitted). Section 1691(a) of the ECOA gives rise to a civil action against "any creditor [who] discriminate[s] against any applicant, with respect to any aspect of a credit transaction on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a)(1).

---

[6]This provision, in pertinent part, sets forth the procedures applicable to creditors when an "adverse action" is taken against an applicant, including requirements of providing statements of specific reasons why the adverse action was taken and giving written notification of adverse action. *See* 15 U.S.C. § 1691(d)(2)-(3).

[7]In addition to its anti-discriminatory effects, the Senate Report notes a broader intended purpose of the ECOA's requirement that creditors give specific reasons for adverse action:

> [R]ejected credit applicants will now be able to learn where and how their credit status is deficient and this information should have a pervasive and valuable educational benefit. Instead of being told only that they do not meet a particular creditor's standards, consumers particularly should benefit from knowing, for example, that the reason for the denial is their short residence in the area, or their recent change of employment, or their already over-extended financial situation. In those cases where the creditor may have acted on misinformation, or inadequate information, the statement of reasons gives the applicant a chance to rectify the mistake.

S. REP. NO. 94-589, at 3 (1976), *as reprinted in* 1976 U.S.C.C.A.N. 403, 406.

9

In her Amended Complaint, Plaintiff alleges that she did not receive written notice of the adverse action, i.e., the refusal of credit or revocation of the credit extended to her. Given that the Act defines "adverse action" as "a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested," (*see* 15 U.S.C. § 1691(d)(6)) and accepting Plaintiff's allegations as true, as the court must do on the instant motion, Count II satisfies the pleading requirements to withstand Defendant's 12(b)(6) motion.

Accordingly, Murphy Auto Group, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. 21) is **denied**. Defendant is directed to file its Answer to Plaintiff's Amended Complaint within twenty (20) days from the date of this Order.

**Done and Ordered** at Tampa, Florida, this 30th day of October 2009.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record